UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

TYLER MANUEL                                CIVIL ACTION NO. 08-cv-1118

VERSUS                                      JUDGE HICKS

MY FREEDOM TRANSIT, LLC, ET AL              MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Defendants removed this case based on an assertion of diversity jurisdiction, which they bear the burden of establishing. The record does not include sufficient facts to establish the citizenship of all parties, so Defendants are directed to file an Amended Notice of Removal by **October 6, 2008** to address the matters discussed below.

Defendant Morgan is alleged to be domiciled in Mississippi, and domicile is equivalent to citizenship for diversity purposes. Thus, Morgan's citizenship is adequately alleged. Plaintiff, on the other hand, is alleged to be a Louisiana "resident," but it is domicile rather than mere residency that decides citizenship for diversity purposes, and "[i]t is well established that an allegation of residency does not satisfy the requirement of an allegation of citizenship." Great Plains Trust Co. v. Morgan Stanley, 313 F.3d 305, 310 n. 2 (5th Cir. 2002), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888 (5th Cir. 1984). Defendants must allege with specificity the state in which Plaintiff is domiciled and is a citizen.

My Freedom Transit, LLC describes itself as a Wisconsin corporation with its principal place of business in Wisconsin. Its name, however, suggests that it is a limited

liability company (LLC) rather than a corporation. The citizenship of an LLC, unlike a corporation, is determined based on the citizenship of all of its members. Harvey v. Grey Wolf Drilling Co., _____ F.3d _____, 2008 WL 4194538 (5th Cir. 2008).

Accordingly, it is incumbent on the party asserting diversity to identify and allege the citizenship of each member of an LLC party. If members are themselves entities or associations, the citizenship must be traced through however many layers of members there may be, and failure to do so can result in dismissal for want of jurisdiction. Meyerson v. Harrah's East Chicago Casino, 299 F.3d 616 (7th Cir. 2002); Hicklin Engineering, L.C. v. Bartell, 439 F.3d 346 (7th Cir. 2006) (court "needs to know each member's citizenship, and if necessary each member's members' citizenships"). If My Freedom Transit, LLC contends that it is a corporation, it should explain its name and the identify the state's law that permits a corporation to be so named.

The court will review the case again after the deadline for curing the jurisdictional deficiencies. If jurisdiction is present, and issue has been joined, a scheduling conference will be set. If jurisdiction has not been established, a remand may be ordered.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 17th day of September, 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE